1  James W. Brody, Esq. (CA SBN 212967)
   *jbrody@americanmlg.com*
2  Christian Martinez, Esq. (CA SBN 215360)
   *cmartinez@americanmlg.com*
3  AMERICAN MORTGAGE LAW GROUP, PC
   75 Rowland Way, Suite 350
4  Novato, California  94945
   Telephone:  (415) 878-0030
5  Facsimile:   (415) 878-0035

6  Michael D. Dunn, Esq. (Fl. Bar No. 67920)
   FBC MORTGAGE, LLC
7  189 S. Orange Avenue, Ste. 970
   Orlando, FL  32801
8
   *Attorneys for Defendant*
9  *FBC Mortgage, LLC*

10

11                    UNITED STATES DISTRICT COURT

12                     MIDDLE DISTRICT OF FLORIDA

13  FEDERAL DEPOSIT INSURANCE           CASE NO.: 6:15-cv-02040-CEM-DAB
    CORPORATION, as Receiver for
14  AmTrust Bank,                       **ANSWER OF DEFENDANT FBC
                                        MORTGAGE, LLC TO PLAINTIFF'S
15              Plaintiff,              COMPLAINT**

16          v.                          **DEMAND FOR JURY TRIAL**

17  FBC MORTGAGE, LLC, a Florida limited
    liability company,
18
                Defendant.
19

20

21          Defendant FBC Mortgage, LLC (hereinafter "FBC"), by and through its undersigned

22  counsel, and for its Answer to the Complaint herein, states as follows:

23                    **SPECIFIC ADMISSIONS AND DENIALS**

24          With respect to the specific allegations of Plaintiff Federal Deposit Insurance Corporation,

25  as Receiver for AmTrust Bank ("Plaintiff"), in its Complaint:

26          1.      FBC admits that Plaintiff purports to bring this action based on alleged agreements

27  as set forth in Paragraph 1, but denies that any such alleged agreements were breached by FBC.

28  FBC admits that it sold or transferred mortgage loans to AmTrust Bank, formerly known as Ohio

Savings Bank. ("AmTrust"). Plaintiff denies the remaining allegations set forth in Paragraph 1.

2.      FBC denies that it breached any representations and warranties in the agreements as set forth in Paragraph 2, and denies that Plaintiff is entitled to the relief therein requested.

3.      FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 3 and on that basis denies those allegations.

4.      FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 4 and on that basis denies those allegations.

5.      FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 5 and on that basis denies those allegations.

6.      FBC admits Plaintiff's allegations in Paragraph 6 that FBC is a Florida limited liability company with its principal place of business in Orlando, Florida, and is a company engaged in the business of processing, packaging, submitting for funding, selling, and/or transferring loans secured by real property. FBC denies the remaining allegations set forth in Paragraph 6.

7.      FBC admits Plaintiff's allegation in Paragraph 7 that, in 2005, FBC and AmTrust entered into a business relationship governed by a "Master Correspondent Loan Purchase Agreement (the "2005 Agreement"). Paragraph 7 references a document which speaks for itself. To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied. FBC denies all other allegations made in Paragraph 7 not specifically admitted herein.

8.      Paragraph 8 references a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied.

9.      Paragraph 9 references a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied.

10.      Paragraph 10 references a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied.

11.      Paragraph 11 references a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied.

As to the remaining contentions in Paragraph 11, FBC has insufficient knowledge or information to form a belief about the truth of those allegations and on that basis denies those allegations.

12.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 12 and on that basis denies those allegations.

13.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13 and on that basis denies those allegations.

14.     Paragraph 14 cites or quotes to a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied. Plaintiff denies the remaining allegations set forth in Paragraph 14.

15.     Paragraph 15 cites or quotes to a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied.

16.     Paragraph 16 cites or quotes to a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context, they are denied.

17.     Paragraph 17 cites or quotes to a document which speaks for itself.  To the extent that the citations or quotations in this Paragraph are incorrect or are taken out of context or refer to a particular document where one was not included, they are denied.

18.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 18 and on that basis denies those allegations.

19.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 19 and on that basis denies those allegations.

20.     Plaintiff makes no allegations in Paragraph 20 that require a response.

21.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 21 and on that basis denies those allegations.

22.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 22 and on that basis denies those allegations.

23.     FBC has insufficient knowledge or information to form a belief about the truth of the

allegations made in Paragraph 23 and on that basis denies those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described therein.

24.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24 and on that basis denies those allegations.

25.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 25 and on that basis denies those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described therein.

26.    FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 26, and denies that FBC's alleged acts or omissions as described therein were unlawful.

27.    FBC denies the allegations set forth in paragraph 27.

28.    FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 28, denies the allegations that FBC engaged in any unlawful acts or omissions as described therein, and denies Plaintiff is entitled to the relief therein requested.

29.    Plaintiff makes no allegations in Paragraph 29 that require a response.

30.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 30 and on that basis denies those allegations.

31.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 31 and on that basis denies those allegations.

32.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 32 and on that basis denies those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described therein.

33.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 33 and on that basis denies those allegations.

34.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 34 and on that basis denies those allegations.

35.    FBC denies the allegations set forth in Paragraph 35.

36.    FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 36 as to whether AmTrust and the FDIC have performed all of their

obligations to FBC under and in accordance with the 2005 Agreement, and on that basis denies those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described therein.

37.     FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 37, denies that FBC's alleged acts or omissions as described therein were unlawful, and denies that Plaintiff is entitled to the relief therein requested.

38.     Plaintiff makes no allegations in Paragraph 38 that require a response.

39.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 39 and on that basis denies those allegations.

40.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 40 and on that basis denies those allegations.

41.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 41 and on that basis denies those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described therein.

42.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 42 and on that basis denies those allegations.

43.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 43 and on that basis denies those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described therein.

44.     FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described in Paragraph 44.

45.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 45 as to whether AmTrust and the FDIC have performed all of their obligations to FBC under and in accordance with the 2005 Agreement, and on that basis denies those allegations. FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 45, and denies that FBC's alleged acts or omissions as described therein were unlawful.

46.     FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 46, denies that FBC's alleged acts or omissions as described therein were unlawful, and denies that

Plaintiff is entitled to the relief therein requested.

47.     Plaintiff makes no allegations in Paragraph 47 that require a response.

48.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 48 and on that basis denies those allegations.

49.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 49 and on that basis denies those allegations.

50.     FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described in Paragraph 50.

51.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 51 and on that basis denies those allegations.

52.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 52 as to whether, starting on or about September 10, 2013, the FDIC demanded that FBC perform its obligations under the 2007 Agreement with regard to the Morataya Loan, and on that basis denied those allegations. FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described in Paragraph 52.

53.     FBC denies the allegations that FBC engaged in any unlawful acts or omissions as described in Paragraph 53.

54.     FBC has insufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 54 as to whether AmTrust and the FDIC have performed all of their obligations to FBC under the 2007 Agreement, and on that basis denies those allegations. FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 54, and denies that FBC's alleged acts or omissions as described therein were unlawful.

55.     FBC denies that it acted or failed to act in the ways attributed to FBC in Paragraph 55, denies that FBC's alleged acts or omissions as described therein were unlawful, and denies that Plaintiff is entitled to the relief therein requested.

## **AFFIRMATIVE DEFENSES**

Further answering and as affirmative defenses to the allegations contained in Plaintiff's Claims for Relief, FBC states:

**First Affirmative Defense - Failure to State a Claim**

The Complaint in its entirety and each and every cause of action therein fail to allege facts sufficient to constitute a cause of action against FBC.

**Second Affirmative Defense – Comparative Fault**

FBC alleges that Plaintiff and/or its agents, servants, or representatives were themselves negligent or otherwise at fault in and about the matters alleged in the Complaint and alleged causes of action therein, and that said negligence proximately caused or contributed to the injuries, losses or damages complained of and serve to reduce Plaintiff's recovery, if any.

**Third Affirmative Defense – Comparative Fault**

FBC alleges that the injuries, losses, or damages sustained by Plaintiff, if any there were, were either wholly or in part negligently caused by persons, firms, corporations, and/or entities other than Plaintiff, and that said negligence comparatively reduces the percentage of negligence, if any, of FBC.

**Fourth Affirmative Defense – Failure to Mitigate Damages**

FBC alleges that if Plaintiff has sustained, or will sustain, any of the injuries, losses, or damages described in the Complaint, which FBC denies, then such injuries, losses, or damages were caused solely or in part by the failure of Plaintiff to take reasonable steps available to mitigate such damages, and to the extent that any such injuries, losses, or damages proven by Plaintiff were caused by Plaintiff's own failure to take reasonable steps available to mitigate such damages, shall not be recoverable against FBC.

**Fifth Affirmative Defense – Lack of Causation/Intervening Cause**

FBC alleges that if Plaintiff sustained any injuries, losses, or damages, such injuries, losses, or damages were the result of an intervening cause of another or other parties unknown, acting without authority from FBC and not from any negligence, fault, breach of duty, or statutory violation by FBC.

**Sixth Affirmative Defense – Lack of Causation**

FBC alleges that the alleged unlawful acts, omissions, and/or breaches attributed to FBC in the Complaint, if any there were, were not a substantial factor in bringing about the alleged injuries,

losses, or damages to Plaintiff and therefore any such alleged misconduct was not a contributing cause but was superseded by tortious misconduct by one or more third parties whose misconduct was the proximate cause of any alleged injuries, losses, or damages suffered.

### Seventh Affirmative Defense - Waiver

FBC alleges that Plaintiff has waived and is estopped from asserting any claim against FBC by its own acts or omissions with respect to the events and/or omissions cited in the Complaint and its failure to adequately protect its own interests.

### Eighth Affirmative Defense – Proximate Cause

FBC denies that Plaintiff has suffered any injuries, losses, or damages whatsoever as a proximate result of the acts of FBC.

### Ninth Affirmative Defense – Defendant's Due Care

FBC alleges that Plaintiff is barred from recovery because FBC's conduct was, at all relevant times, within the applicable standard of care.

### Tenth Affirmative Defense – *In Pari Delicto*

FBC alleges that the Complaint, and each and every cause of action therein, is barred by the doctrine of *in pari delicto*. Plaintiff's own negligence and misconduct were a substantial cause in bringing about Plaintiff's alleged injuries, losses, or damages; and, assuming any fault by FBC, which it denies, Plaintiff's fault contributed at least equally, if not wholly, to the alleged injuries, losses, or damages.

### Eleventh Affirmative Defense – Unclean Hands

FBC alleges that the Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### Twelfth Affirmative Defense - Laches

FBC alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of FBC and is therefore barred from bringing this action by the doctrine of laches.

### Thirteenth Affirmative Defense – Defendant's Good Faith

FBC alleges that at all relevant times it acted with utmost good faith and full disclosure.

### Fourteenth Affirmative Defense – Statute of Limitations

The Complaint, and each alleged cause of action therein, is barred by the applicable statutes of limitation.

### Fifteenth Affirmative Defense – Set-off

FBC alleges that Plaintiff's claims are subject to set-off and recoupment.

### Sixteenth Affirmative Defense – Assumption of the Risk

FBC alleges that the Complaint and each and every cause of action therein is barred by the doctrine of assumption of the risk.

### Seventeenth Affirmative Defense - Indemnification

Should Plaintiff recover damages from FBC, FBC is entitled to indemnification and/or contribution, either in whole or in part, from any and all other persons or entities whose conduct may be found to be the proximate cause of the damages alleged by Plaintiff, if any exist.

### Eighteenth Affirmative Defense – Failure to Add Necessary Parties

Plaintiff has failed to join necessary and indispensable parties to this action.

### Nineteenth Affirmative Defense – Plaintiff Not Damaged

Plaintiff has not suffered any actual damages, the existence of which is denied.

### Twentieth Affirmative Defense – Plaintiff's Breach

FBC is informed and believes and on the basis of such information and belief alleges that Plaintiff breached its contract, if any there was, with FBC, and that by reason of said breach of contract, FBC has been excused of its duties to perform all obligations set forth in said contract.

### PRAYER FOR RELIEF

WHEREFORE, FBC prays as follows:

1.   That Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of FBC;

2.   That FBC be awarded its costs of suit incurred in defense of this action; and

3.   For such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

FBC demands a trial by jury of all issues so triable.

1    Dated:  January 28, 2016

2                                                    **AMERICAN MORTGAGE LAW GROUP, PC**

3

4                                                    By /s/ James W. Brody
                                                          James W. Brody, Esq.
5                                                         *Pro  Hac Vice Pending*
                                                          Christian J. Martinez
6                                                         *Pro Hac Vice Pending*
                                                          75 Rowland Way, Ste. 350
7                                                         Novato, CA  94945
                                                          (415) 878-0030
8                                                         (415) 878-0035
                                                           jbrody@americanmlg.com
9                                                          cmartinez@americanmlg.com

10

                                                     **FBC MORTGAGE, LLC**
11

12

                                                     By /s/ Michael D. Dunn
13                                                        Michael D. Dunn
                                                          Florida Bar Number 67920
14                                                        General Counsel
                                                          FBC Mortgage, LLC
15                                                        189 S. Orange Avenue
                                                          Suite 970
16                                                        Orlando, FL  32801
                                                          Tel.: (407) 872-3383
17                                                         mdunn@fbchomeloans.com

18                                                        *Attorneys for Defendant*
                                                          *FBC Mortgage LLC*
19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael D. Dunn_____